Per Curiam.

On October 6, 1950, relator was called as a witness before the Kings County Grand Jury, which at that time was engaged in an investigation of the alleged gambling activities of one Harry Gross, and in particular of alleged bribery by said Gross, in the county of Bangs, of police officers charged with the duty of suppressing such activities. Evidence before the Grand Jury had indicated that Gross had made a gift of a television set to relator, who was then an inspector in the police department of the city of New York. Relator signed a waiver of immunity, pursuant to section 2446 of the Penal Law, and. testified before the Grand Jury as to the delivery and installation of the television set, denying knowledge that it had been sent to his home by Gross. After such testimony, he was brought before the County Court of Kings County and an application was made that he be directed to return to the Grand Jury *400 and to testify fully arid truthfully. Eelator was so directed, and on being returned to the Grand Jury stated that he did not wish to change the testimony which he had previously given. Thereupon, a motion was made to punish him for contempt on the ground that his testimony was so evasive and fabricated as to amount to a refusal to answer. On October 9,1950, a hearing was held on that motion and, after some proof had been presented by the District Attorney, the hearing was adjourned so that the District Attorney might have an opportunity to adduce before the Grand Jury further evidence tending to prove that relator’s previous testimony was false. On the hearing, the County Judge had expressed doubt that the evidence presented was sufficient to establish delivery of the television set to relator, and in granting the adjournment stated that if further evidence should be produced sufficient to establish certain facts relative to the condition and disposal by relator of the television set, he would hold that relator had committed perjury and was consequently guilty of a contempt of court.
Thereafter relator, who had in the meantime resigned from the police department, was again called before the Grand Jury, put on notice that he was still testifying under a waiver of immunity, and asked whether he had received the television set, and whether it had been bought and paid for by Gross. Upon advice of counsel, relator declined to testify on the ground that his testimony might tend to incriminate him and claimed his “ constitutional and statutory privileges and immunity ”, stating that he withdrew the waiver of immunity theretofore executed. For such refusal to testify, reiterated on a subsequent hearing before the County Court, he has been adjudged guilty of a criminal contempt of court.
In our opinion, that adjudication may not be sustained. Under the circumstances here disclosed relator had the right to withdraw the waiver which he had executed. On relator’s first appearance before the Grand Jury, that body was conducting an investigation directed to alleged violations of the statutes relating to bribery, conspiracy and gambling. With respect to such violations the Legislature has enacted in the Penal Law provisions affording immunity to witnesses who may give testimony thereon (Penal Law, §§ 381, 584, 996), and providing that no person shall be excused from so testifying on the ground that his testimony may tend to incriminate him. By such statutory provisions, the Legislature may supersede the constitutional guaranty against compulsory self incrimination and, if the *401 statutory immunity is coextensive with the protection provided by the Constitution, a prosecuting officer may compel a witness to testify in a criminal proceeding, even though his testimony might otherwise involve self incrimination.
If an adequate immunity statute is in effect, the witness has no election. He is required to testify, but receives immunity. (People ex rel. Coyle v. Truesdell, 259 App. Div. 282.)
He may be compelled to testify, however, only so long as the immunity provided is sufficient to give him at least as great a measure of protection as he would have enjoyed if permitted to remain silent. (Cf. People ex rel. Taylor v. Forbes, 143 N. Y. 219; Matter of Boyle, 257 N. Y. 244.) The witness is not required to accept the immunity provided. He may waive it. Having done so, however, he is compelled to testify, not because he has waived immunity, but by force of the statutes which require such testimony, and which offer protection which the witness is at liberty to accept or reject. Such was relator’s position on his first appearance before the Grand Jury. He was required to testify, and waived the immunity afforded by the statutes. Having done so, he was subject to indictment and prosecution, if his testimony or other evidence revealed a criminal connection with any transaction under investigation, and such testimony could have been used against him on any such prosecution. We may assume that he so understood, and accepted that risk when he waived immunity. However, relator was not then on trial, or accused of any criminal offense, nor was the Grand Jury investigating his personal conduct, except insofar as it related to his alleged connection and dealings with Gross.
On his final appearance before that body, however, the situation was considerably different. There was at that time pending against him, and undetermined, a proceeding in the County Court to punish him for a criminal contempt. Relator had not waived his privilege against self incrimination in that proceeding and, in the absence of such waiver, could not have been compelled to testify to matters which might tend to incriminate him. When again called before the Grand Jury, however, he was put on notice that the People intended to establish, through his own testimony, under the waiver of immunity, facts which the County Judge had already characterized as sufficient to prove his guilt of perjury and of the charge against him in the contempt proceeding, and that the evidence thus adduced would immediately be presented against him in that proceeding.
*402 Under such circumstances, not contemplated when that instrument was executed, relator was within his rights in withdrawing the waiver, insisting that he be afforded immunity sufficient to assure him that his testimony, thereafter given, could not in any way be used against him in a criminal action or, if such immunity was not afforded him, in asserting his constitutional privilege against self incrimination. It is not sufficient to say, as the District Attorney now asserts, that if relator was correct in his contention that he could withdraw his waiver, he would have been afforded complete immunity by virtue of his testimony. (Cf. People v. Florentine, 276 App. Div. 730.) Belator has contended that the statutory provisions are not sufficiently broad to have this immunizing effect. He should not have been compelled, particularly when his right to withdraw his waiver was not recognized, to decide that controversy and to act at Ms peril. Under the eqmvocal circumstances disclosed, he should have had an assurance that if he answered he had complete immunity (Cf. People ex rel. Taylor v. Forbes, 143 N. Y. 219, 229, supra) perforce the statutes. Such assurance should now be given him, if he is to be compelled to testify, and if the District Attorney desires to abide by his view of the scope of the statutory immunity.
We do not find, in relator’s refusal to answer, the willful and contumacious conduct necessary to support an adjudication of contempt. If the doubt as to the scope of relator’s immunity shall be dissipated and he shall still refuse to answer, his conduct will be clearly contumacious, and a proper basis for such a finding.
The writ should be sustained and the relator discharged, without prejudice to the recalling of relator as a witness before the Grand Jury and to such further proceedings as may be necessary and proper to compel relator to answer the question upon which the contempt proceeding was founded, or any other questions which may be relevant to the Grand Jury investigation.
Nolan, P. J., Carswell, Sneed, Wenzel and MacCratb, JJ., concur.
Writ sustained and relator discharged, without prejudice to the recalling of relator as a witness before the Grand Jury and to such further proceedings as may be necessary and proper to compel relator to answer the question upon which the contempt proceeding was founded, or any other questions wMch may be relevant to the Grand Jury investigation.